SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**ANDREW R. DOYLE, OSB #123086**
Special Assistant United States Attorney
Andrew.Doyle@dcda.us
United States Attorney's Office
405 E 8th Ave., Suite 2400
Eugene, OR 97401
Telephone: (541) 760-7486
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **6:24-cr-00471-MTK** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ANNA CHERIE NEWLIN,** | |
| **Defendant.** | |

### Introduction

On July 16, 2024, a car driven by Anna Newlin was stopped as it entered Deschutes County, Oregon, having just returned from a suspected drug resupply trip in Portland, Oregon. A certified narcotics detection canine was deployed, and alerted, on Ms. Newlin's vehicle, and after a state search warrant was applied for and granted, investigators located over 300 grams of fentanyl – in the form of both pills and powder – located inside the vehicle and Ms. Newlin's purse. Having said that, Ms. Newlin, to her credit, was incredibly cooperative on scene,

**Government's Sentencing Memorandum**                                   **Page 1**

admitting to purchasing the fentanyl in Portland to sell in Central Oregon for profit – to support her own drug habit.

After the events of July 16, however, Ms. Newlin's story has looked quite different. Since that night, she has enrolled in – and successfully completed – drug treatment. She has been promoted at her work. She has even been awarded custody of her youngest son during her term of pretrial supervision. She has been sterling on release.

For all these reasons – factoring in both the good and the bad – the Government is respectfully recommending a sentence of 27 months' imprisonment, followed by a term of three years of supervised release. Defense is free to argue for "any legal sentence" to be imposed instead.

**Factual Background**

**A.     The Offense Conduct**

Although Ms. Newlin was apprehended in July of 2024, her story begins in 2022. In late 2022, Deschutes County Law Enforcement received a "crime stoppers" tip regarding Jose Gomez dealing narcotics in the Central Oregon area (PSR ¶ 13). From late 2022 through 2024, law enforcement, specifically the Deschutes County Sheriff's Office Street Crimes Unit (DCSO SCU), worked multiple cases into Mr. Gomez. In one of those cases, in February 2023, Ms. Newlin was seen with Mr. Gomez (PSR ¶ 13).

In June of 2024, DCSO SCU utilized a Confidential Informant (CI) to conduct a controlled purchase of narcotics from Mr. Gomez. Although the CI communicated with Mr. Gomez to purchase narcotics, to the surprise of investigators, it was Ms. Newlin who appeared and delivered the narcotics to CI (PSR ¶ 14). Based on this controlled purchase, DCSO SCU applied for, and was granted, a state vehicle tracker search warrant for Ms. Newlin's vehicle.

**Government's Sentencing Memorandum                                    Page 2**

DCSO SCU then monitored the tracker data, seeing the device travel to the Portland area and back into the early morning hours of July 16, 2024.

Based upon the totality of the investigation, DCSO SCU believed there was reasonable suspicion of narcotics transport, and a traffic stop was performed on Ms. Newlin's vehicle as it entered Deschutes County.  Ms. Newlin was the driver and sole occupant of the vehicle (PSR ¶ 15).  A certified narcotics detection canine, Redmond Police K9 "Sadie," was deployed, and alerted, to the odor of controlled substances emanating from Ms. Newlin's vehicle.  At this point, DCSO SCU applied for, and was granted, a state search warrant to search Ms. Newlin's vehicle.  Investigators recovered over 300 grams of fentanyl, along with possible drug records (PSR ¶ 15).

After the search, Ms. Newlin spoke to DCSO SCU, advising that she was "working alone," admitting to buying the fentanyl in Portland, and telling DCSO SCU that she was selling in order to support her own drug habit (PSR ¶ 16).

Based on all the above, Ms. Newlin was initially charged in State Court on July 16, 2024, (Deschutes County Circuit Court case 24CR36133); this case was later dismissed in lieu of Federal prosecution, with an Indictment returned in December 2024.  Ms. Newlin made her first appearance in Federal Court on a Summons in February 2025 and has remained out of custody and on Pretrial release since that time.

**B.      The Charges and Plea Agreement**

On December 16, 2025, Ms. Newlin pled guilty to Count 1 of the Indictment in this case, charged as Possession with Intent to Distribute Fentanyl (40 grams or more), in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B)(vi) (PSR ¶ 1).  The agreement in this case is that the Government will recommend a sentence of 27 months' imprisonment, followed by a term of

supervised release of three years; defense is free to argue for "any legal sentence" to be imposed by the Court at sentencing (PSR ¶ 7).

### C.      Pretrial Release

As noted by Pretrial services, Ms. Newlin's performance on Pretrial release has been fantastic.  During her term of supervision, she has had no violations of release.  She has enrolled in and completed drug treatment.  She has reported as directed and has had no positive drug tests.  She has secured employment – even being promoted at work – and won sole custody of her youngest son (PSR ¶ 1).  Counsel can also present two additional things to the Court.  First, since the events of July 2024, neither DCSO SCU nor the larger Central Oregon Drug Enforcement Team (CODE) have seen or heard any "chatter" about Ms. Newlin being involved with narcotics in the Central Oregon area.  That is not always the case, and it bears mentioning as yet another example of Ms. Newlin having turned things around.  Counsel is also unaware of any new convictions or run-ins with law enforcement.  Additionally, for what it is worth, the same DCSO SCU Detectives who arrested Ms. Newlin are very aware of the progress she has made since her arrest and are very supportive of the changes she has made.  Again, this may or may not matter to the Court, but in Counsel's 13-year legal career as both a Public Defender and Prosecutor, I can count on one hand the number of times that law enforcement has spoken this positively about somebody they previously arrested.  Ms. Newlin has really made positive strides in her life since July 2024.

### D.      Guidelines Computation

| Count 1: 21 U.S.C. § 841 (a)(1)/(b)(1)(B)(vi) – PWID Fentanyl (40 grams) | | |
|---|---|---|
| USSG §2D1.1(c)(5) | Drug Weight | 28 |
| USSG §2D1.1(b)(18) | "Safety Valve" | -2 |
| USSG §3B1.2(b) | "Minor Role" | -2 |
| USSG §3E1.1(a)&(b) | Acceptance of Responsibility | -3 |

**Government's Sentencing Memorandum**                                        **Page 4**

| 18 U.S.C. § 3553(a) | "Early Resolution" | -3 |
| --- | --- | --- |
| | **Total Offense Level** | **18** |

The base offense level in this case is 28, based upon the weight of the drugs seized in this case (PSR ¶ 22). Due to acceptance of responsibility by Ms. Newlin, a total of -3 is applied (PSR ¶ 29-30). Ms. Newlin also meets all criteria for a reduction under "Safety Valve" for yet another -2 (PSR ¶ 23). The parties in this case, during negotiations, additionally agreed to another -2 reduction under USSG §3B1.2(b) based on Ms. Newlin's "minor role" in the offense (it goes without saying that the Government sees the previously mentioned Mr. Gomez as the bigger player here). All this math results in a final offense level of 18.

### E.    Criminal History

The Government agrees with and adopts the criminal history for Ms. Newlin, as outlined within the PSR. Ms. Newlin has a criminal history score of four, and her corresponding category is thus III (PSR ¶ 40-41).

### F.    Argument

From the Government's perspective (or at least the perspective of this SAUSA), this sentencing presents as a "best of times/worst of times" scenario. On the one hand, Ms. Newlin was apprehended with over 300 grams of fentanyl. There is no way around that. Certainly, especially as it pertains to Central Oregon, that is a large quantity of fentanyl. Having said that, Ms. Newlin took ownership of the narcotics the very night she was arrested. DCSO SCU was also aware that Ms. Newlin was basically working as a "runner" for Jose Gomez, who remains active in the Central Oregon area to this day.

And make no mistake, since her arrest, Ms. Newlin has done "a 180" regarding turning her life around. As previously mentioned, her time on Pretrial has been stellar. As previously

**Government's Sentencing Memorandum**                                    **Page 5**

mentioned, she has made major life changes that will set her up for success moving forward, regardless of what sentence is imposed in this case. As previously mentioned, DCSO SCU and CODE have not seen or heard from Ms. Newlin since July 2024. These are all extremely positive developments and are all considerations the Government factored into its recommendation in this case. All the various reductions considered, and applied, in this case result in a final Guidelines range of 27-33 months' imprisonment, and the Government is recommending the bottom end of that range.

For all these reasons, the Government's recommended sentence satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

**Conclusion**

Based on the foregoing, the Government respectfully recommends a sentence of 27 months' imprisonment, followed by a term of supervised release of three years. Defense is free to argue for "any legal sentence" to be imposed.

Dated: April 14, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ *Andrew R. Doyle*
ANDREW R. DOYLE
Special Assistant United States Attorney

**Government's Sentencing Memorandum**                                                          **Page 6**