Kurt David Hermansen, CA Bar No. 166349
Supervisory Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, Oregon 97401
(541) 465-6937 Telephone
(541) 465-6975 Facsimile
Kurt_Hermansen@fd.org

Attorney for Defendant

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>ANNA CHERIE NEWLIN,<br><br>                    Defendant. | Case No. 6:24-cr-00471-MTK<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Sentencing: April 22, 2026, at 1:30 PM |

Despite the very serious nature of the drug distribution offense in this case, Anna Cherie Newlin, through counsel, submits that a sentence of time served followed by three years of supervised release satisfies the goals of sentencing while appropriately accounting for her unique history and characteristics. *See* 18 U.S.C. § 3553(a)(1). The requested sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense while recognizing the importance of rehabilitation, community capital, and family unity while assuring stability and loving support for the next generation. *See* 18 U.S.C. § 3553(a)(2).

Certain 18 U.S.C. § 3553(a) factors weigh heavily in favor of the requested sentence. First, and foremost, Ms. Newlin has demonstrated complete pre-sentence rehabilitation. Her continued

Page 1 — Defendant's Sentencing Memorandum

commitment to removing herself from the drug use-and-distribution environment that dominated her life previously — without relapse while on pretrial release — speaks volumes in favor of her remaining a hardworking, law-abiding citizen who contributes to her local community while on pretrial release pending sentencing. Ms. Newlin's 180-degree turnaround and steadfast adherence to drug treatment (first) followed by returning to work (once drugfree and stable) bodes well for her continued success and demonstrates she is deterred. *See* 18 U.S.C. § 3553(a)(B) (adequate deterrence); *see also* 18 U.S.C. § 3553(a)(2)(C) (protect the public from further crimes by the defendant). As proof positive of her rehabilitation in the community, Ms. Newlin relies on the details provided in the PSR, in the government's sentencing memo, and in the defense's confidential supplement to presentence report.

Second, Ms. Newlin's prior drug dependence is a mitigating factor that motivated her involvement in drug distribution.

Third, Ms. Newlin's nuclear family ties and responsibilities motivate her continued, phenomenal metamorphosis. Maintaining that family unity will "provide[s] the defendant" with continued community-based support and treatment "in the most effective manner." *See* 18 U.S.C. § 3553(a)(2)(D).

Fourth, Ms. Newlin is a remorseful, non-violent offender, with a low-level role in the offense.

Respectfully submitted: April 15, 2026.

s/ *Kurt David Hermansen*
Kurt David Hermansen
Supervisory Assistant Federal Defender

Page 2 — Defendant's Sentencing Memorandum